# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4178 | **DATE** | August 10, 2010 |
| **CASE TITLE** | John James, Sr. (#2008-0087563) v. Cook County Jail Medical, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied as moot. Plaintiff's motion for leave to proceed *in forma pauperis* [#6] is granted. The initial partial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The Court appoints James H. Ryan, Gordon & Rees LLP, One North Franklin, Ste 800, Chicago, IL 60606 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, a pre-trial detainee, in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Cook County Sheriff Tom Dart, and Acting Medical Director Dr. John Raba have been deliberately indifferent to Plaintiff's serious medical needs since he has been incarcerated at the Cook County Jail. More specifically, Plaintiff alleges that due to an earlier gun shot wound he is forced to use a colostomy bag. Since he has been at the Cook County Jail, he has been forced to sleep in a high bunk, and denied access to colostomy bags, forcing him to use garbage bags as a result.

Plaintiff's motion to proceed *in forma pauperis* is granted. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action with respect to deliberate indifference to medical care. Correctional officials may not act with deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006).

      Due to the serious nature of Plaintiff's allegations, the Court hereby appoints James H. Ryan, Gordon & Rees LLP, One North Franklin, Ste 800, Chicago, IL 60606 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Plaintiff has named two supervisory officials, neither of whom is alleged to have been personally involved in the alleged deprivation of his rights. When a plaintiff does not know the names of the person who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendant's immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996).

      Once counsel for Plaintiff has obtained service on the supervisors, and an attorney has entered an appearance on the supervisors' behalf, Plaintiff's counsel should send defense counsel interrogatories eliciting information regarding the identity of the Defendant or Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After counsel learns Defendants' identities, he should seek leave to amend the complaint to substitute their names for those of the supervisors. Summonses will then issue for service on the Defendants in interest and the supervisory Defendants will be dismissed. Counsel for Plaintiff is reminded that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the Defendants personally involved as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

      After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.